UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| THERESA GUY | * | CIVIL DOCKET NO. _____ |
| | * | |
| VERSUS | * | |
| | * | JUDGE: _____ |
| BROOKSHIRE GROCERY COMPANY | * | |
| d/b/a SUPER ONE FOODS | | |
| | * | MAGISTRATE JUDGE: _____ |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## <u>NOTICE OF REMOVAL</u>

TO THE HONORABLE JUDGE OF SAID COURT:

**BROOKSHIRE GROCERY COMPANY,** hereinafter referred to as Mover, files this Notice of Removal of this cause to the United States District Court for the Western District of Louisiana, Lafayette Division, and in support of this Notice of Removal respectfully shows the Court the following:

I.

Mover is a defendant in the above-styled cause which was filed on December 1, 2021, in the 16th Judicial District Court for the Parish of Iberia, bearing Docket No. 138266. A copy of the Citation and Petition filed by Plaintiff, Theresa Guy, Mover's Answer, Request for Notice, and Jury Order, Motion and Order of Partial Dismissal Without Prejudice, Jury Order Cash Jury Bond, Cash Jury Bond, and Stipulated Confidentiality Agreement and Protective Order are attached to this Notice of Removal and marked for identification *in globo* as Exhibit "A". The referenced exhibit constitutes all process and pleadings which have been filed in this action.

II.

In the Petition for Damages, **THERESA GUY** alleges *inter alia* that she was injured on January 15, 2021, when she slipped "in a wet substance" which was on the floor of the Super 1 Foods store operated by Brookshire Grocery Company in New Iberia, Louisiana. **THERESA GUY** alleges that her fall resulted in "multiple personal and emotional injuries." Guy further alleges various damages including but not limited to past and future medical expenses, past and future lost wages, destruction of earning capacity, past and future physical pain, suffering and discomfort, past and future mental anguish, loss of enjoyment of life, and bodily disability. (see Petition for Damages, Paragraphs IX, V, and X).

III.

The civil action described above is brought by **THERESA GUY**, a domiciliary of Lafayette Parish, State of Louisiana. (see Petition for Damages, preamble). **BROOKSHIRE GROCERY COMPANY** is a corporation organized under the laws of the State of Texas with its principal office located in Texas. Therefore, because no defendant is a Louisiana citizen, **THERESA GUY** is diverse from all defendants in this litigation.

IV.

**THERESA GUY'S** claims also meet the amount in controversy requirement. In Paragraph X of the Petition for Damages, it is alleged by **THERESA GUY** that she has sustained "multiple personal and emotional injuries" and various damages.

V.

Further, Mover, **BROOKSHIRE GROCERY COMPANY**, propounded Interrogatories to Theresa Guy on January 26, 2022. (A copy of the Interrogatories is attached to this Notice of Removal and marked for identification as Exhibit "B").

VI.

On February 21, 2022, Mover received **THERESA GUY'S** Answers to Interrogatories. In her Answer to Interrogatory No. 22, **PLAINTIFF** claimed that the amount in controversy exceeds $75,000.00 exclusive of interest and costs. **GUY** also asserted that "a recommendation from Dr. Michael Duval at Louisiana Orthopaedic Specialists to undergo left knee arthroscopy medical (sic) meniscectomy surgery" has been issued. (See Plaintiff's Answer to Interrogatories No. 13 and 22, attached to this Notice of Removal and marked for identification as Exhibit "C").

VII.

Case law addressing knee injuries requiring surgery involve awards that meet the amount in controversy requirement for diversity jurisdiction. Also noting the broad scope of the damages alleged including but not limited to past and future medical expenses, bodily disability, past and future physical pain and suffering, and loss of enjoyment of life listed in Paragraph X of the Petition for Damages, this case meets the amount in controversy requirement for purposes of removal ($75,000.00).

VI.

This civil action is one in which this Honorable Court has original jurisdiction by reason of diversity of citizenship and amount in controversy, 28 U.S.C. § 1332, and is removable under 28 U.S.C. § 1441, *et seq.*

VII.

This Notice of Removal is being filed within 30 days of Mover's receipt of Plaintiff's Answers to Interrogatories indicating that the amount in controversy exceeds $75,000.00 and is therefore timely filed under 28 U.S.C. § 1446.

VIII.

Promptly after filing this Notice of Removal, Mover is serving written Notice of Removal upon the adverse party, and a copy of this Notice of Removal is being filed with the Clerk of the 16th Judicial District Court for the Parish of Iberia, State of Louisiana, to effect the removal of this action to this Court, all in conformity with 28 U.S.C. § 1446.

WHEREFORE, **BROOKSHIRE GROCERY COMPANY** prays that this Notice of Removal be accepted as good and sufficient, and that the above-captioned civil action be removed from the 16th Judicial District Court for the Parish of Iberia, State of Louisiana, to this Honorable Court, for trial and determination as provided by law; that this Court enter such orders and issue such process as may be necessary and proper and thereupon proceed with this civil action as if

originally commenced in this Court, and for all necessary and appropriate orders and decrees in accordance with the applicable law.

Respectfully submitted

BREAUD & MEYERS

*s/Andrew H. Meyers*

ANDREW H. MEYERS (#14221)
420 Oil Center Drive
P. O. Box 51365
Lafayette, LA  70505
Phone: (337) 266-2200
Fax: (337) 262-2204
Email: andrew@breaudlaw.com
Attorney for **BROOKSHIRE GROCERY COMPANY**

## CITATION

THERESA GUY

VERSUS

BROOKSHIRE GROCERY COMPANY, ET AL

Case: 00138266
Division: D
State of Louisiana
16th Judicial District Court
Parish of Iberia

To:   BROOKSHIRE GROCERY COMPANY
      THROUGH ITS AGENT FOR SERVICE OF PROCESS
      CT CORPORATION SYSTEM
      3867 PLAZA TOWER DRIVE
      BATON ROUGE, LA 70816

of EAST BATON ROUGE Parish

You are hereby summoned to comply with the demand contained in the **PETITION, INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS (ORIGINAL AND FAX)** of which a true and correct copy (exclusive of exhibits) accompanies this citation, or make an appearance, either by filing a pleading or otherwise, the 16th Judicial District Court in and for the Parish of Iberia, State of Louisiana, within fifteen (15) days after the service hereof, under penalty of default.

WITNESS MY HAND AND OFFICIAL SEAL OF OFFICE AT NEW IBERIA, LOUISIANA, THIS 9 DAY OF DECEMBER, 2021.

Clerk of Court
16th Judicial District Court
Parish of Iberia

Deputy Clerk of Court

Requested by:
LOGAN M. LANDGRAVE
LAW OFFICE OF BLAINE J. BARRILLEAUX

EXHIBIT
A

[SERVICE COPY]

DEC/01/2021/WED 04:00 PM  Barrilleaux Law          FAX No. 337-706-7513          P. 002/013

16ᵀᴴ JUDICIAL DISTRICT COURT FOR THE PARISH OF IBERIA

STATE OF LOUISIANA

NO.: 13824de                                                      DIVISION " D "

THERESA GUY

VERSUS

BROOKSHIRE GROCERY COMPANY D/B/A SUPER 1 FOODS AND TRAVELERS

INDEMNITY COMPANY OF CONNECTICUT

FILED:_____          _____
                                                    DEPUTY CLERK

## PETITION FOR DAMAGES

The petition of THERESA GUY (hereinafter referred to as "Mrs. Guy" and/or "Petitioner"),

a person of the full age of majority, domiciled in Lafayette Parish, State of Louisiana respectfully

represents as follows:

I

The following named parties are made Defendants herein, to-wit:

1.    BROOKSHIRE GROCERY COMPANY, d/b/a SUPER 1 FOODS (hereinafter
      referred to as "Super 1") a foreign corporation authorized to do and doing business in
      the State of Louisiana with its principal place of business in Ouachita Parish ; and

2.    TRAVELERS INDEMNITY COMPANY OF CONNECTICUT, (hereinafter
      referred to as "Travelers") a foreign insurance company authorized to do and doing
      business in the State of Louisiana.

II

Pursuant to La.C.C.P. Article 74, venue is proper in Iberia Parish because the accident at

issue occurred in Iberia Parish.

III

The above-named Defendants are responsible and liable jointly, severally, solidarily and

vicariously to Petitioner because of the following:

IV

This action results from an incident occurring in Iberia Parish, Louisiana on or about January

15, 2021.

1        FILED Dec. 1, 2021

Time:_____

_____
DEPUTY CLERK OF COURT
IBERIA PARISH, LA.

**V**

Petitioner was a patron/business invitee at Super 1 Foods #621 located in New Iberia, Louisiana.

**VI**

As Petitioner was walking down an aisle, she slipped in a wet substance on the floor and fell to the ground.

**VII**

As a result of the above accident, Petitioner suffered and continues to suffer multiple personal and emotional injuries.

**VIII**

Petitioner has undergone medical treatment since the accident and will undergo further treatment. Petitioner was and still is limited from her normal activities as a result of the incident.

**IX**

The proximate cause of the injuries and damages sustained by Petitioner was the negligence of Super 1, which includes, but is not limited to:

    (a)    Failure to provide warning of a dangerous condition;

    (b)    Failure to properly train its employees;

    (c)    Failure to provide a safe premises for its patrons/business invitees;

    (d)    Failure to observe due caution;

    (e)    Failure to properly inspect its floors ;

    (f)    Negligently hiring unqualified employees;

    (g)    Negligently and carelessly selected, trained and supervised its employees;

    (h)    Negligently created an unsafe or dangerous condition;

    (i)    Negligently allowed an unsafe condition to exist;

    (j)    Failure to clean-up or remove the substance from the floor;

    (k)    Any other negligence which may be proven at trial of this matter

**X**

Petitioner itemizes the damages to which she is entitled as a result of the incident and injury proximately caused by the above-described negligence as follows:

    (a)    Past, present and future physical pain, suffering and discomfort.

2

(b)   Past, present and future mental anguish, aggravation, and annoyance.

(c)   Disability.

(d)   Past and future medical expenses.

(e)   Past and future lost wages.

(f)   Loss of enjoyment of life.

(g)   Loss of use/function of parts of body.

(h)   Bodily disability.

(i)   Impairment of psychological functioning.

(j)   Disability from working to earn an income.

(k)   Destruction of earning capacity.

(l)   Disability from engaging in recreation.

## XI

Super 1 was the employer of those responsible for the dangerous condition at issue and as such is liable and responsible vicariously for the acts of negligence and damages caused by its employees. Super 1 is jointly, severally, solidarily and vicariously liable for the acts of negligence and damages referred to above.

## XII

On the date of the accident, Travelers had issued and in effect a policy of liability insurance insuring against the negligence in favor of Super 1 and its employees. As the insurer of the defendant employer, said insurer is jointly, severally, solidarily and vicariously liable and responsible for the damages and negligence set forth above.

## XIII

Petitioner strictly reserves the right to amend and supplement this petition as necessary.

## XXIV

Brookshire Grocery Company d/b/a Super 1 Foods, and Travelers Indemnity Company of Connecticut are jointly, severally, solidarily and vicariously liable and responsible to Theresa Guy for the negligence and damages set forth above.

## XXV

Pursuant to La. C.C.P. Art. 893, Petitioner reasonably and in good faith alleges the claims herein do exceed the amount requisite for a jury trial.

3

WHEREFORE, Petitioners prays that Defendants be cited and served and that after due proceedings are had there be judgment in favor of Petitioner, Theresa Guy, and against Defendants, Brookshire Grocery Company d/b/a Super 1 Foods and Travelers Indemnity Company of Connecticut, jointly, severally, solidarily and vicariously for such sums, as are reasonable in the premises together with legal interest thereon from date of judicial demand until paid, for all costs of these proceedings, for all general and equitable relief, and that all expert witness fees be taxed as costs of court.

Respectfully submitted:

BLAINE J. BARRILLEAUX - La. Bar # 25567
ALLISON M. WEAVER - La. Bar # 36596
LOGAN M. LANDGRAVE - La. Bar # 39244
330 Settlers Trace Boulevard, Suite B
Lafayette, LA 70508
Telephone: (337) 406-8759
Facsimile: (337) 706-7513

**PLEASE SERVE:**

TRAVELERS INDEMNITY COMPANY OF CONNECTICUT
Through its Agent for Service of Process
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA 70809

BROOKSHIRE GROCERY COMPANY
Through its Agent for Service of Process
C T Corporation System
3867 Plaza Tower Drive
Baton Rouge, LA 70816

Filed Dec. 1    2021
Signed: Doral Ransonet        Dty. Clk.
A TRUE COPY

ATTEST: _Doral Ransonet_
         Dty. Clerk of Court
         Iberia Parish, LA

Fax
FILED Dec. 1, 2021
Time: _____

4

DEPUTY CLERK OF COURT
IBERIA PARISH, LA.

DEC/01/2021/WED 04:02 PM   Barrilleaux Law          FAX No. 337-706-7513               P. 006/013

16TH JUDICIAL DISTRICT COURT FOR THE PARISH OF IBERIA

STATE OF LOUISIANA

NO.:                                                    DIVISION " "

THERESA GUY

VERSUS

BROOKSHIRE GROCERY COMPANY D/B/A SUPER 1 FOODS AND TRAVELERS

INDEMNITY COMPANY OF CONNECTICUT

FILED: _____          _____
                                              DEPUTY CLERK

### REQUEST FOR WRITTEN NOTICE

TO:   CLERK OF COURT

YOU ARE HEREBY requested to send to me as Attorney of Record in the above captioned case, written notice by mail ten (10) days in advance of any date fixed for any trial or hearing in this case of any kind whatsoever, in accordance with Articles 1571 and 1572, Louisiana Code of Civil Procedure.

YOU ARE FURTHER requested to notify me of any judgment, order, or minute entry of this Court rendered in this case immediately in accordance with the provision of Articles 1913 and 1914 of the Louisiana Code of Civil Procedure.

SPECIAL NOTICE is further requested of any orders setting security for costs, orders requiring the posting of any bond before a set date, especially in regard to a jury trial or any other actions such as the filing of pleadings or bonds or any other thing which would institute the running of any delays within which to file pleadings, bonds or any other thing into the record of this case.

Respectfully submitted:


BLAINE J. BARRILLEAUX - La. Bar # 25567
ALLISON M. WEAVER - La. Bar # 36596
LOGAN M. LANDGRAVE - La. Bar # 39244
330 Settlers Trace Boulevard, Suite B
Lafayette, LA 70508     filed   Dec 1  2021
Telephone: (337) 406-8749 Signed: Doral Ransonet    Dty. Clk.
Facsimile: (337) 706-7513 A TRUE COPY

ATTEST: Doral Ransonet
                Dty. Clerk of Court
FILED   D         Iberia Parish, La 2021

Time: _____

DEPUTY CLERK OF COURT
IBERIA PARISH, LA.

| | | |
|---|---|---|
| THERESA GUY | * | 16TH JUDICIAL DISTRICT COURT |
| | * | |
| VERSUS | * | CIVIL DOCKET NO.: 00138266 "D" |
| | * | |
| BROOKSHIRE GROCERY COMPANY | * | IBERIA PARISH, LOUISIANA |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ANSWER TO PETITION FOR DAMAGES
## AND REQUEST FOR TRIAL BY JURY

NOW INTO COURT, through undersigned counsel, comes Defendant, **BROOKSHIRE GROCERY COMPANY ("DEFENDANT")**, who, in answer to the Petition for Damages filed by **THERESA GUY ("PLAINTIFF")**, avers as follows:

I.

Except to admit that Brookshire Grocery Company is authorized to do and doing business in Louisiana, all other allegations contained in Paragraph I of the Petition for Damages are denied, as written.

II.

The allegations contained in Paragraph II of the Petition for Damages contain conclusions of law which require no response, but insofar as a response is deemed necessary, the allegations are denied.

III.

The allegations contained in Paragraph III of the Petition for Damages are denied.

IV.

The allegations contained in Paragraph IV of the Petition for Damages are denied.

V.

The allegations contained in Paragraph V of the Petition for Damages are denied for lack of sufficient information to justify a belief therein.

VI.

The allegations contained in Paragraph VI of the Petition for Damages are denied.

VII.

The allegations contained in Paragraph VII of the Petition for Damages are denied.

VIII.

The allegations contained in Paragraph VIII of the Petition for Damages are denied.

IX.

The allegations contained in Paragraph IX of the Petition for Damages are denied.

X.

The allegations contained in Paragraph X of the Petition for Damages are denied.

XI.

The allegations contained in Paragraph XI of the Petition for Damages are denied.

XII.

The allegations contained in Paragraph XII of the Petition for Damages are denied, as written, and further noting that Travelers has been dismissed without prejudice..

XIII.

The allegations contained in Paragraph XIII of the Petition for Damages require no response, but insofar as a response is required, the allegations are denied.

XIV.

The allegations contained in Paragraph XIV (erroneously numbered as "XXIV") of the Petition for Damages are denied.

XV.

The allegations contained in Paragraph XV (erroneously numbered as "XXV") of the Petition for Damages are denied.

**AND NOW**, in further answer to Plaintiff's Petition for Damages, Defendant avers as follows:

XVI.

Defendant denies any and all liability unto Plaintiff and further avers that Plaintiff has no right of recovery against Defendant under any theory of liability.

XVII.

Defendant avers that if Plaintiff, Theresa Guy sustained injuries in the manner alleged in the Petition, which injuries are specifically denied, then the alleged injury or injuries were sustained not as a result of any fault, neglect, breach of warranty (express or implied), or want of due care on the part of Defendant, nor of anyone for whose conduct Defendant was in any way responsible, but occurred solely or partially through the fault, neglect, and want of due care on the part of Plaintiff, Theresa Guy in a number of respects, and for which Plaintiff can have no recovery

against Defendant herein, or in the alternative, for which Plaintiff's recovery should be appropriately reduced.  Specifically, Plaintiff failed to see what she should have seen, do what she should have done, failed to pay attention and take proper safeguards for her own safety, and other particulars to be shown at trial.

### XVIII.

Defendant avers that if it, or anyone for whom it may be responsible, should be found liable for Plaintiff's alleged damages, which liability is specifically denied, then any recovery by Plaintiff, if any, should be appropriately barred or reduced by Plaintiff's failure to mitigate her damages.

### XIX.

Defendant further denies any liability in this matter and affirmatively pleads that any damages or injuries alleged by Plaintiff, which is at all times specifically denied, was the result of an act of God, the development of a pre-existing condition which is in no way related to any act on the part of Defendants, were pre-existing and/or merely were an aggravation of pre-existing injuries or the natural progression of pre-existing injuries or conditions and/or was caused by an unknown third party or person for whom Defendant cannot be held liable.

### XX.

Brookshire Grocery Company requests trial by jury as to all issues.

**WHEREFORE**, premises considered, Defendant, Brookshire Grocery Company, prays that this Answer to Petition for Damages be deemed good and sufficient, and that after the lapse of all legal delays and due proceedings had, there be judgment herein in favor of Defendant, dismissing Plaintiff's claims with prejudice, at Plaintiff's cost, and for all general and equitable relief.

And for trial by jury as to all issues.

Respectfully submitted:

BREAUD & MEYERS

_____
ANDREW H. MEYERS, No. 14221
420 Oil Center Drive
Post Office Box 51365
Lafayette, Louisiana 70505
Telephone: (337) 266-2200
Fax: (337) 266-2204
Attorney for Brookshire Grocery Company

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing has this day been duly forwarded to all counsel of record via facsimile and/or via email and/or by depositing a copy of same in the United States Mail, properly addressed and postage prepaid.

Lafayette, Louisiana, this _____ day of _____, 2022.

_____
ANDREW H. MEYERS

| | | |
|---|---|---|
| THERESA GUY | * | 16TH JUDICIAL DISTRICT COURT |
| | * | |
| VERSUS | * | CIVIL DOCKET NO.: 00138266 "D" |
| | * | |
| BROOKSHIRE GROCERY COMPANY | * | IBERIA PARISH, LOUISIANA |

THERESA GUY          *     16TH JUDICIAL DISTRICT COURT
                     *
VERSUS               *     CIVIL DOCKET NO.: 00138266 "D"
                     *
BROOKSHIRE GROCERY COMPANY  *  IBERIA PARISH, LOUISIANA
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## REQUEST FOR NOTICE OF TRIAL DATE, ETC.

TO THE CLERK OF COURT of the 16th Judicial District Court in and for the Parish of

Iberia, Louisiana:

Please take notice that Andrew H. Meyers and Breaud & Meyers, attorneys for

BROOKSHIRE GROCERY COMPANY, do hereby request written notice of the date of trial of

the above matter, as well as notice of hearings (whether on merits or otherwise), orders, judgments

and interlocutory decrees, and any and all formal steps taken by the parties herein, the Judge or

any member of Court, as provided in Louisiana Code of Civil Procedure, particularly Articles

1572, 1913 and 1914.

Respectfully submitted:

BREAUD & MEYERS

ANDREW H. MEYERS, No. 14221
420 Oil Center Drive (70503)
Post Office Box 51365
Lafayette, Louisiana 70505
Telephone: (337) 266-2200
Fax: (337) 266-2204
Attorney for Defendant, **Brookshire Grocery Company**

| | | |
|---|---|---|
| THERESA GUY | * | 16TH JUDICIAL DISTRICT COURT |
| | * | |
| VERSUS | * | CIVIL DOCKET NO.: 00138266 "D" |
| | * | |
| BROOKSHIRE GROCERY COMPANY | * | IBERIA PARISH, LOUISIANA |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### JURY ORDER

Considering the Request for Trial by Jury by Defendant, Brookshire Grocery Company, contained in their Answer to Plaintiffs' Petition for Damages filed on December 1, 2021;

IT IS ORDERED that Defendant, Brookshire Grocery Company, try this matter before a jury upon posting of a jury bond, with good and solvent surety, in the amount of $_____ to cover the additional costs of a jury herein, within the time delay specified in the Louisiana Code of Civil Procedure and the rules of this court.

THUS DONE AND SIGNED at New Iberia, Louisiana, this _____ day of January, 2022.


_____
DISTRICT JUDGE

THERESA GUY                          *       16ᵀᴴ JUDICIAL DISTRICT COURT
                                     *
                                     *
VERSUS                               *       CIVIL DOCKET NO.: 00138266 "D"
                                     *
                                     *
BROOKSHIRE GROCERY COMPANY,          *
ET. AL.                              *       IBERIA PARISH, LOUISIANA
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### MOTION AND ORDER OF PARTIAL DISMISSAL WITHOUT PREJUDICE

ON MOTION of Plaintiff, Theresa Guy, and upon suggesting that Plaintiff desires to

dismiss her claims against Defendant, The Travelers Indemnity Company of Connecticut, only,

without prejudice, and reserving unto Plaintiff all rights against Brookshire Grocery Company:

IT IS ORDERED, ADJUDGED AND DECREED that the claims of the Plaintiff, Theresa

Guy, against Defendant, The Travelers Indemnity Company of Connecticut, only, be and are

hereby dismissed without prejudice.  Plaintiff reserves all rights against Brookshire Grocery

Company.

New Iberia, Louisiana, this 2 8 day of _____January_____, 2022.

_____
JUDGE

Respectfully Submitted:

_____
Mr. Blaine J. Barrilleaux, #25567
Ms. Allison M. Weaver, #36596
Logan M. Landgrave, #39244
330 Settlers Trace Boulevard, Ste. B
Lafayette, LA 70508
Ph.: (337) 406-8759
Attorneys for Plaintiff, Theresa Guy

Filed _____1-27-22_____
Signed: Heather F. Degetaire ,Dty. Clk.
A TRUE COPY

ATTEST: _____
Dty. Clerk of Court
Iberia Parish, LA

FILED
FOR RECORD

DEPUTY CLERK OF COURT
PARISH OF IBERIA, LA

RECEIVED

FEB 0 3 2022

| THERESA GUY | 16TH JUDICIAL DISTRICT COURT |
|---|---|
| VERSUS NO. 138266-D | PARISH OF IBERIA |
| BROOKSHIRE GROCERY COMPANY | STATE OF LOUISIANA |

## JURY ORDER
## CASH BOND

Considering the request for trial by jury, **IT IS ORDERED** that this matter be tried before a jury and that mover, **BROOKSHIRE GROCERY COMPANY** pursuant to CCP Article 1734.1, is hereby ordered in lieu of the bond required in CCP Article 1734 to deposit **CASH** in the amount of **FIVE THOUSAND AND NO/1OO ($5,000.00) DOLLARS.** Said cash bond to be filed no later than thirty (30) days prior to the trial date. This amount to be deposited in the escrow account of this proceeding and used to pay jury cost.

In addition, pursuant to R.S. 13:3049(B) (2) (a), at the time of this jury cost deposit mover shall pay to the Clerk of Court the sum of One Hundred Fifty and No/100 ($150.00) dollars as jury filing fee.

New Iberia, LA, this __*27*__ day of JANUARY, 2022.

_____
JUDGE

Filed  1-27-22
Signed _Heather F. Degelaire_ Dty. Clk.
◦ TRUE COPY
ATTEST: _____
Dty. Clerk of Court
Iberia Parish, LA

FILED _January 27_, 20 _22_
_____
DEPUTY CLERK OF COURT
IBERIA PARISH, LA

RECEIVED
FEB 0 3 2022

| | | |
|---|---|---|
| THERESA GUY | * | 16TH JUDICIAL DISTRICT COURT |
| | * | |
| VERSUS | * | CIVIL DOCKET NO.: 00138266 "D" |
| | * | |
| BROOKSHIRE GROCERY COMPANY | * | IBERIA PARISH, LOUISIANA |

**************************************************************************

### CASH JURY BOND

KNOW ALL MEN BY THESE PRESENTS:

WHEREAS, the undersigned and herein bound Principal, **BROOKSHIRE GROCERY COMPANY**, appearing herein through its undersigned counsel of record, has prayed for and obtained an Order from the Sixteenth Judicial District Court in and for the Parish of Iberia, Louisiana, ordering a jury trial to be held in the above entitled and numbered cause conditioned upon its giving a cash bond in the amount of **FIVE THOUSAND AND NO/100 ($5,000.00) DOLLARS**, to cover the additional costs of trial by jury.

NOW, THEREFORE, the undersigned Principal, **BROOKSHIRE GROCERY COMPANY**, does by these presents firmly bind itself unto the Clerk of Court of the Sixteenth Judicial District Court in and for the Parish of Iberia, Louisiana, in the full amount of **FIVE THOUSAND AND NO/100 ($5,000.00) DOLLARS, (CASH)** for the payment of costs of the trial by jury in the above cause.

IN WITNESS WHEREOF, we have executed this bond this $2^{d}$ day of _February_, 2022, Lafayette, Louisiana.

WITNESS:       **BROOKSHIRE GROCERY COMPANY**

_____

_____  BY: _____

Print Name        ANDREW H. MEYERS, Attorney

SWORN TO AND SUBSCRIBED before me, this $2^{d}$ day of _February_, 2022.

_____

**NOTARY PUBLIC**

My commission expires: _At Death_



TIMOTHY W. BASDEN
Notary Public ID # 57131
STATE OF LOUISIANA
My Commission is For Life

| THERESA GUY | * | 16TH JUDICIAL DISTRICT COURT |
|---|---|---|
| | * | |
| VERSUS | * | CIVIL DOCKET NO.: 00138266 "D" |
| | * | |
| BROOKSHIRE GROCERY COMPANY | * | IBERIA PARISH, LOUISIANA |

THERESA GUY                          *       16TH JUDICIAL DISTRICT COURT
                                    *
VERSUS                              *       CIVIL DOCKET NO.: 00138266 "D"
                                    *
BROOKSHIRE GROCERY COMPANY          *       IBERIA PARISH, LOUISIANA
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## STIPULATED CONFIDENTIALITY AGREEMENT
## AND PROTECTIVE ORDER

NOW INTO COURT ON BEHALF OF THEIR RESPECTIVE CLIENTS:

Counsel for **BROOKSHIRE GROCERY COMPANY** and counsel for **THERESA GUY** (collectively referred to as the "**PARTIES**") hereby agree that documents, information, and materials produced in this litigation by **BROOKSHIRE GROCERY COMPANY**, are considered as "**Confidential**" and access shall be limited to the **PARTIES**, their counsel and those persons assisting them in the prosecution and/or defense of this case. Additionally, the **PARTIES** stipulate and agree as follows:

1.  This Agreement shall cover those documents produced by **BROOKSHIRE GROCERY COMPANY** in response to discovery requests issued to **BROOKSHIRE GROCERY COMPANY** in this proceeding and such information shall be treated as Confidential by the **PARTIES** to this action, their attorneys, and others included in the preparation and presentation of this case, as delineated below, in strict conformance with the terms and conditions specified in this Order.

2.  Confidential Information is to be utilized solely for the purposes of this litigation and for no other purpose.

3.  Except as otherwise specifically provided herein, access to and disclosure of Confidential Information shall be limited to:

    a.  The **PARTIES**, their respective counsel, and those persons employed by and working in conjunction with them in the prosecution or defense of this action. Execution of this Agreement by the undersigned counsel shall constitute a representation that all such persons shall observe this stipulation.

b.     Outside consultants or experts retained by the **PARTIES** to assist in the preparation and/or trial of this case.  Such consultants and experts shall agree to be bound by this Order to the same extent as if they were a party to this Agreement and shall not use Confidential Information other than in connection with this litigation, nor for the benefit of any other persons or entities.  The **PARTIES** shall not provide Confidential Information to any such consultant or expert unless they first provide that person with a copy of this Order and obtain from such person a sworn undertaking affirming his commitment to be bound by this Order.  The sworn undertakings obtained by the **PARTIES** shall be provided to counsel for the opposing **PARTIES** at the end of the lawsuit.

4.     Nothing in this Agreement shall prevent any Party from using and/or presenting Confidential Information to witnesses or the Court in discovery, motions, or at trial.

5.     Notwithstanding any other provision of this Order, in the event that any additional persons become parties or counsel in this case, they shall not have access to Confidential Information until the newly-joined party or counsel have been provided with a copy of this Order, and have executed an acknowledgment.

6.     If a party contests the designation by another party that a document contains "Proprietary" or "Confidential Information," then the contesting party shall file a motion to strike such designation of the document and set the matter for contradictory hearing.

7.     Upon final termination of this litigation, each Party and other persons subject to the terms of this Order shall be under an obligation to collect and return to counsel for the producing party all Confidential Information and all copies and notes made therefrom or summaries thereof, or certify in writing that such documents and materials have been destroyed.

8.     All obligations and duties arising under this Order shall survive the termination of this action.  This Court retains jurisdiction over the **PARTIES** during this time, and any persons provided access to Confidential Information under the terms of this Order, with respect to any dispute over the improper use of such Confidential Information.

WE THE UNDERSIGNED acknowledge that we have received and read the

STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER and agree

to be bound, both personally and on behalf of our clients, by its terms, conditions and

obligations.

Signature block on next page.

Respectfully submitted:


BREAUD & MEYERS


ANDREW H. MEYERS (#14221)
420 Oil Center Drive (70503)
Post Office Box 51365
Lafayette, Louisiana 70505
Telephone: (337) 266-2200
Fax: (337) 266-2204
**COUNSEL FOR BROOKSHIRE GROCERY COMPANY**


BLAINE J. BARRILLEAUX - La. Bar # 25567
ALLISON M. WEAVER - La. Bar # 36596
LOGAN M. LANDGRAVE - La. Bar # 39244
Settlers Trace Boulevard, Suite B
Lafayette, LA 70508
Telephone: (337) 406-8759
Facsimile: (337) 706-7513
Email: logan@barrilleauxlaw.com
**COUNSEL FOR PLAINTIFF, THERESA GUY**


Respectfully submitted,


BREAUD & MEYERS

ANDREW H. MEYERS (#14221)
420 Oil Center Drive (70503)
P.O. Box 51365
Lafayette, LA 70505
Phone: 337-266-2200
Fax: 337-266-2204
andrew@breaudlaw.com
Attorney for Defendant, **BROOKSHIRE
GROCERY COMPANY d/b/a SUPER 1**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| THERESA GUY | * | CIVIL DOCKET NO. _____ |
| | * | |
| VERSUS | * | |
| | * | JUDGE: _____ |
| BROOKSHIRE GROCERY COMPANY | * | |
| d/b/a SUPER ONE FOODS | * | |
| | * | |
| | * | MAGISTRATE JUDGE: _____ |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## **CERTIFICATE OF SERVICE**

Counsel for Defendant, **BROOKSHIRE GROCERY COMPANY,** hereby certifies that promptly after filing the Notice of Removal in this Honorable Court, a Notice of Removal was mailed to the Clerk of Court for the 16th Judicial District Court for the Parish of Iberia, State of Louisiana, together with a copy of the Notice of Removal.

Counsel for **BROOKSHIRE GROCERY COMPANY** certifies that promptly after filing said Notice of Removal in this Court on the 16th day of March, 2022, and the mailing the Notice of Removal to the Clerk of Court for the 16th Judicial District Court for the Parish of Iberia, State of Louisiana, the Notice of Removal, together with a copy of Notice of Removal filed in the State Court were served upon Logan Landgrave, Attorney for **THERESA GUY,** by emailing and mailing same in the United States Mail, postage pre-paid and properly addressed this 16th day of March, 2022.

Respectfully submitted

BREAUD & MEYERS

*s/Andrew H. Meyers*

ANDREW H. MEYERS (#14221)
420 Oil Center Drive
P. O. Box 51365
Lafayette, LA  70505
Phone: (337) 266-2200
Fax: (337) 266-2204
Email: andrew@breaudlaw.com
Attorney for **BROOKSHIRE GROCERY
COMPANY**

🖉JS 44  (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a)  PLAINTIFFS
Theresa Guy

### DEFENDANTS
Brookshire Grocery Company d/b/a Super 1 Foods

**(b)**  County of Residence of First Listed Plaintiff   Iberia, Louisiana
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Smith
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)**  Attorney's (Firm Name, Address, and Telephone Number)
Blaine J. Barrilleaux, 330 Settlers Trace Blvd., Suite B, Lafayette, Louisiana 70508; (337) 406-8759

Attorneys (If Known)
Andrew H. Meyers, P.O. Box 51365, Lafayette, LA 70505
337-266-2200

## II.  BASIS OF JURISDICTION  (Place an "X" in One Box Only)

☐ 1  U.S. Government
     Plaintiff

☐ 2  U.S. Government
     Defendant

☐ 3  Federal Question
     (U.S. Government Not a Party)

☒ 4  Diversity
     (Indicate Citizenship of Parties in Item III)

## III.  CITIZENSHIP OF PRINCIPAL PARTIES(Place an "X" in One Box for Plaintiff
and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  NATURE OF SUIT  (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☒ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Habeas Corpus: | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V.  ORIGIN  (Place an "X" in One Box Only)

☐ 1  Original
     Proceeding

☒ 2  Removed from
     State Court

☐ 3  Remanded from
     Appellate Court

☐ 4  Reinstated or
     Reopened

☐ 5  Transferred from
     another district
     (specify)

☐ 6  Multidistrict
     Litigation

☐ 7  Appeal to District
     Judge from
     Magistrate
     Judgment

## VI.  CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. § 1332
Brief description of cause:
Slip and Fall

## VII.  REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION
   UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII.  RELATED CASE(S) IF ANY
(See instructions):   JUDGE

DOCKET NUMBER

DATE  March 16, 2022

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #                AMOUNT                 APPLYING IFP                 JUDGE                 MAG. JUDGE